# In the United States Court of Federal Claims

No. 09-531T

(Filed: January 5, 2012)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SEVERINO MARTINEZ, d/b/a MARTINEZ TRUCKING, | |
| Plaintiff, | Taxes; admissibility of depositions at trial; timeliness; exceptional circumstances. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

MARGOLIS, *Senior Judge*.

    This matter comes before the Court on plaintiff's Motion to Utilize Depositions at Trial RCFC 32, filed August 29, 2011. Because plaintiff's motion is untimely and the depositions he offers are not admissible under RCFC 32, the Court denies plaintiff's motion.

### I. BACKGROUND

    This case arises out of plaintiff's failure to pay federal employment taxes for his truck drivers. The Court held a one day trial in Washington, D.C. on July 12, 2011. The sole issue was whether plaintiff timely filed form 1099 returns for his drivers for tax year 1996 and can therefore claim "safe haven"[1] protection from his unpaid employment taxes for that year. For a full discussion of the facts and procedural history, see the Court's Opinion filed January 5, 2012. At trial, plaintiff moved for the first time to admit the depositions of Leonilo Espinoza and Miguel Angel Corona Millan, two of his drivers. Plaintiff claims that these depositions establish that he timely issued Espinoza and Millan 1099 returns for 1996. The Court did not rule on plaintiff's motion at trial, but granted plaintiff leave to file the motion now before it.

---

[1]     *See* Section 530 of the Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. 2885-2886 (reproduced as amended at 26 U.S.C. § 3401 note).

Defendant took these depositions on January 12 and 13, 2011 in Santa Ana, California. The parties' Joint Stipulations of Fact, Joint Exhibits, and Plaintiff's Witness List do not include these depositions or state plaintiff's intent to offer them at trial. Nor does Plaintiff's Pretrial Brief or the parties' Joint Pretrial Statement. Plaintiff admits that he did not ask defendant to include the depositions in the joint exhibits because he believed they were "cumulative and not in serious dispute." (Pl.'s Mot. at 2.) He claims he did not realize they would be helpful until "witness preparation and more detailed trial preparation." (*Id.*) He argues that they are admissible under RCFC 32(a)(1) and (a)(4)(E), which allow a party to admit a deposition under "exceptional circumstances," and that if the Court admits them, this would not prejudice defendant because defendant had an opportunity to cross-examine the witnesses when it took the depositions. Defendant argues that RCFC, app. A, § VI(13) and (15) make plaintiff's motion untimely, that the depositions would prejudice it since it had no opportunity to impeach the witnesses in court, that plaintiff has not shown exceptional circumstances under RCFC 32(a)(4)(E), and finally, that the testimony is not directly relevant.

## II. TIMELINESS

RCFC, app. A, § VI(13)(a) requires parties to meet at least sixty-three days before the pretrial conference and exchange a list of all exhibits that they intend to use substantively at trial. "Failure to list an exhibit…result[s] in exclusion of the exhibit at trial absent…a showing of a compelling reason for the failure." *Id.* At the meeting, parties must disclose any intention to file a motion to admit a deposition and must attempt to resolve any objections to deposition testimony. *Id.* at 13(c)(1), (2). Also, RCFC, app. A, § VI(15)(b) requires a party intending to substantively use a deposition at trial to file a separate motion before trial showing cause why it should be admitted. Finally, RCFC, app. A, § VI(16) requires each party to file a separate list of exhibits it intends to offer substantively at trial with the Memorandum of Contentions of Fact and Law.

Plaintiff did not comply with these rules. He does not present any convincing legal argument in his motion as to why these rules do not bar the depositions. Nor does he present any "compelling" reason for his failure to comply with RCFC, app. A, § VI(13)(a). Plaintiff's counsel appeared at both depositions in January 2011. Thus, plaintiff was aware of their content long before the pretrial meeting with defendant. He does not claim that he was unaware that the depositions bore on whether he timely issued his drivers 1099 forms for 1996, just that he thought the depositions were cumulative, and the issue was undisputed. He does not specify why he now believes the depositions are helpful. Moreover, the depositions would prejudice defendant to whatever extent they help plaintiff because defendant would have no opportunity to rebut or impeach the testimony. Thus, plaintiff's motion is untimely and RCFC, app. A, § VI(13), (15), and (16) bar the depositions.

### III. ADMISSIBILITY

RCFC 32(a)(1) allows a party to use a deposition at trial if: (A) the other party was present at the deposition or had reasonable notice of it, (B) it would be admissible under the Federal Rules of Evidence if the deponent were present in court testifying, and (C) the party admits it for one of the uses listed in RCFC 32(a)(2) through (8). Here, plaintiff argues that he can use the depositions under RCFC 32(a)(4)(E), which allows a party to use a deposition where "exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court…." He admits that he cannot allege exceptional circumstances, but argues that "the overall circumstances" justify the Court to admit the depositions because the trial was in Washington, D.C., the deposition transcripts are short, and defendant took the depositions. (Pl.'s Mot. at 3.)

Plaintiff has not shown that the depositions are admissible under RCFC 32(a)(4)(E). The rule requires "exceptional circumstances," and it does not state that parties can admit depositions where the "overall circumstances" warrant it. Plaintiff admits that there are no exceptional circumstances here. Further, he does not show why it would be a hardship for the deponents to travel to Washington, D.C. Also, the depositions would do little to help plaintiff's case. First, they have limited relevance. The fact that plaintiff timely gave his drivers their copies of the 1099 returns for 1996 does not prove that he timely mailed defendant its copies. Plaintiff could very well have delivered the drivers their copies so that they would not "be on [his] case," while neglecting to mail defendant its copies. (*See* Trial Transcript at 48.) Second, defendant does not dispute that plaintiff timely gave his drivers their copies. Finally, the depositions are cumulative. The record already contains testimony from plaintiff and Alfonso Hernandez that plaintiff timely distributed 1099 returns to his drivers for 1996.

### IV. CONCLUSION

Plaintiff's motion is untimely, and the depositions he offers are not admissible under RCFC 32. Thus, the Court denies plaintiff's motion.

s/ Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims
